IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BOBBY JOE REECE, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:20-CV-1090-O |
| | § | |
| BOBBY LUMPKIN, Director, TDCJ-CID, | § | |
| Respondent. | § | |

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed

by Petitioner, Bobby Joe Reece, a state prisoner confined in the Correctional Institutions Division

of the Texas Department of Criminal Justice (TDCJ), against Bobby Lumpkin, director of that

division, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has

concluded that the petition should be dismissed as time barred.

## I. BACKGROUND

In 2006 in Tarrant County, Texas,[1] Petitioner was charged and convicted by a jury of sexual

offenses against six different children in a consolidated trial and is serving four life sentences for his

convictions for aggravated sexual assault of a child under 14 years of age, a 20-year sentence for his

conviction for indecency with a child by contact, and a 10-year sentence for his conviction for

indecency with a child by exposure. Mem. Op. 1-2, ECF No. 12-8. Petitioner's convictions were

affirmed on appeal and, on June 11, 2008, the Texas Court of Criminal Appeals refused his petition

for discretionary review. *Id.* at 8; Docket Sheet 2, ECF No. 12-12. Petitioner did not seek writ of

certiorari. Pet. 4, ECF No. 1. On July 7, 2008, Petitioner filed his first set of six post-conviction state

habeas-corpus applications challenging his convictions, which were denied on March 10, 2010, by

---

[1]Case Nos. 0991403D, 0991404D, 1002310D, 1002312D 1002371D, and 1002933D.

the Texas Court of Criminal Appeals without written order on the findings of the trial court. SHR01[2] 2, 77, ECF No. 12-31; SHR02 2, 7, ECF No. 12-32; SHR03 2, 7, ECF No. 12-33; SHR04 2, 7, ECF No. 12-34; SHR05 2, 7, ECF No. 12-35; SHR06 2, 7, ECF No. 12-36. Nearly ten years later, on January 27, 2020, Petitioner filed his second set of six post-conviction state habeas-corpus applications challenging his convictions, which were dismissed as subsequent applications under Texas Code of Criminal Procedure article 11.07, § 4(a)-(c). SHR07 8 & Action Taken, ECF Nos. 12-37 & 12-38; SHR08 7 & Action Taken, ECF Nos. 12-39 & 12-40; SHR09 8 & Action Taken, ECF Nos. 12-41 & 12-42; SHR10 8 & Action Taken, ECF Nos. 12-43 & 12-44; SHR11 8 & Action Taken, ECF Nos. 12-45 & 12-46; SHR12 9 & Action Taken, ECF Nos. 12-47 & 12-48. This federal petition challenging his convictions was filed on September 9, 2020. Petitioner raises three grounds for relief. Pet. 6-B, 8-8A, 9-9A, ECF No. 1. Respondent asserts that the petition should be dismissed because it is both time barred and procedurally barred. Resp't's Preliminary Answer 1, ECF No. 13.

## II. LEGAL DISCUSSION

Title 28, United States Code, § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of–

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[2]SHR01 through SHR12 refer to the records of Petitioner's state habeas proceedings in WR-73,550-01 through -12 , respectively.

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Under subsection (A), applicable in this case, Petitioner's convictions became final upon expiration of the 90-day period he had for filing a petition for writ of certiorari in the United States Supreme Court on September 9, 2008. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012); SUP. CT. R. 13.1. Therefore, Petitioner had one year, or until September 9, 2009, within which to file a timely federal petition absent any tolling.

Tolling of the limitations period may be appropriate under the statutory-tolling provision in § 2244(d)(2) and/or as a matter of equity. According to the Court's calculations, Petitioner's first set of post-conviction state habeas applications, pending from July 7, 2009 through March 10, 2010, operated to toll the limitations period for 247 days, making Petitioner's federal petition due on or before May 14, 2010. Petitioner second set of post-conviction state habeas applications, filed on January 27, 2020, long after the limitations period had expired, did not operate to further toll the limitations period for purposes of § 2244(d)(2). *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Therefore, the petition is untimely unless equitable tolling is justified.

Equitable tolling is permitted only in rare and exceptional circumstances when an

extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner or

he can prove that he is actually innocent of the crime(s) for which he was convicted. *McQuiggin v.*

*Perkins*, 569 U.S. 383, 386 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010).

Petitioner concedes that his petition is filed "well beyond the normal limitations" and,

instead, relies upon "an equitable exception of actual innocence, manifest injustice due to a wrongful

conviction[s]." Pet'r's Mem. 2-3, ECF No. 1-1. Toward that end, he asserts that

> [s]ince the filing of the original state writ application[s] Petitioner has reached the
> point where funds became available to retain counsel, which resulted in an
> investigation, and attempted investation [sic] into and an attempt to obtain,
> information withheld from Petitioner, and upon attempts to investigate and obtain
> such information prior to the filing of Petitioner's second state post-conviction
> application for a writ of habeas corpus in all six cases.

Pet. 15, ECF No. 1. It is Petitioner's position that

> the state prosecution team, and police department in two Texas cities have withheld
> material, exculpatory [inpeachment] evidence for a number of years, rebuffing
> Petitioner's attempts to cause the production of such evidence, and through
> investigative work of undersigned counsel. Cook Children's Medical Center also has
> material exculpatory material as does the county children's protective or advocacy
> center.
>
>      . . .
>
> Petitioner states that, upon information and belief, evidence favorable to him exists
> in records of Cooks Children's Medical Center regarding the alleged victims in these
> cases, as well as investigative files suppressed by the city of Arlington, Texas police
> department and Tarrant County District Attorney's files pertaining to Petitioner's
> cases. Petitioner states that he has made good-faith efforts to obtain the information,
> without success.

Pet'r's Mem. 3, 8, ECF No. 1-1.

An actual-innocence claim is only established when it is shown that, in the light of

newly-discovered evidence, "it is more likely than not that no reasonable juror would have found

petitioner guilty beyond a reasonable doubt." *Schlup v. Delo,* 513 U.S. 298, 327 (1995); *see also McQuiggin,* 569 U.S. at 399. Therefore, a credible claim must be supported by "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup,* 513 U.S. at 324. While a claim of actual innocence may provide "a gateway through which a petitioner may pass" when the limitations period has elapsed, "tenable actual-innocence gateway pleas are rare." *McQuiggin,* 569 U.S. at 386.

In this case, Petitioner offers <u>no</u> evidence, much less newly-discovered evidence, that would undermine this Court's confidence regarding the findings of guilt by the jury at trial. Petitioner asserts that "he was able to view some of the evidence, "certain CPS video recording(s)," on which he relies, which was in possession of his trial counsel briefly," and alludes to victim statements to Cooks Children's Hospital personnel and to officers and/or investigators associated with the Arlington and Fort Worth, Texas Police Departments, which were "exculpatory to [him] and/or exculpatory in the sense of being inconsistent with evidence presented by the prosecution at trial through the complaining witness[es]" in his case and that counsel "failed to make full use of the evidence at trial, failed to share with Petitioner what information was contained [in] the prosecutor's file, and since the original trial proceedings state authorities have refused to produce evidence referred to in Petitioner's petition." Pet. 7, ECF No. 1; Pet'r's Reply 4, ECF No. 16.  He has not, however, demonstrated the existence of exculpatory impeachment evidence bearing on the credibility of the witnesses, that the state knew of this purported evidence, that the state was in imputed possession of such evidence but suppressed it, or that the purported evidence was material and favorable to the defense—*i.e.,* that the evidence could have been used on cross-examination to significantly undermine the witnesses' credibility. *See United States v. Bagley,* 473 U.S. 667, 675-76

(1985); *Brady v. Maryland,* 373 U.S. 83, 87 (1963). Consequently, to the extent such evidence *may* exist, Petitioner fails to make a credible showing of actual innocence. His conclusory argument does not establish the existence of or constitute "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial"—that is, evidence sufficient to persuade the district court that "'no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt'"—such that the limitations period is overcome. The claims he asserts are not demonstrative of his actual innocence but instead arise solely from his belief that the state withheld exculpatory impeachment evidence, of which he fails to produce any evidentiary support whatsoever. His mere use of the phrase "actual innocence" as a means to bypass a limitations defense, without any evidence to support it, is insufficient to invoke the exception to the limitations bar. *Koch v. Puckett,* 907 F.2d 524, 530 (5th Cir. 1990); *Ross v. Estelle,* 694 F.2d 1008, 1011 (5th Cir. 1983).

To the extent Petitioner challenges the constitutionality of Texas Code of Criminal Procedure article 11.07, § 3(d), specifically, the state's and state courts' procedure of using affidavits in lieu of a live evidentiary hearing, his claim also fails.[3] Pet'r's Reply 7, ECF No. 16. As the Fifth Circuit has explained:

> [O]ur circuit precedent makes abundantly clear that errors in state postconviction proceedings will not, in and of themselves, entitle a petitioner to federal habeas relief. *See, e.g., Hallmark v. Johnson,* 118 F.3d 1073, 1080 (5th Cir. 1997) ("[I]nfirmities in state habeas proceedings do not constitute grounds for relief in federal court.");

---

[3]Article 11.07, § 3(d) provides, in relevant part:

(d) If the convicting court decides that there are controverted, previously unresolved facts which are material to the legality of the applicant's confinement, it shall enter an order within 20 days of the expiration of the time allowed for the state to reply, designating the issues of fact to be resolved. To resolve those issues the court may order affidavits, depositions, interrogatories, additional forensic testing, and hearings, as well as using personal recollection. . . .

TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(d) (West, Westlaw through 2019 Legis. Sess.).

> *Nichols v. Scott,* 69 F.3d 1255, 1275 (5th Cir. 1995) ("An attack on a state habeas proceeding does not entitle the petitioner to habeas relief in respect to his conviction, as it is an attack on a proceeding collateral to the detention and not the detention itself.") (internal quotations omitted). Rather, we must find constitutional error at the trial or direct review level in order to issue the writ.

*Morris v. Cain,* 186 F.3d 581, 585 n.6 (5th Cir. 1999).

In summary, because Petitioner fails to demonstrate that equitable tolling of the limitations period is applicable, his federal petition was due on or before May 14, 2010. His petition filed on September 9, 2020, over ten years later, is therefore untimely. Because the petition is time barred, it is not necessary to address any procedural bar.

## III.  CONCLUSION

For the reasons discussed, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED** as time barred. Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 5th day of April, 2021.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**